UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GREER LORRAINE DENNIS and SCOTT FEIGELES,

      Plaintiffs,

  -against-

PHARMERICA CORPORATION, SINA DRUG CORP. d/b/a ONCOMED and FRANK SCIMECA, as an individual and in his official capacity,

      Defendants.

1:15-cv-05966 (LDW)

**ANSWER TO COMPLAINT**

---

Defendants PharMerica Corporation ("Pharmerica"), Sina Drug LLC[1] ("Sina Drug"), and Frank Scimeca (collectively, "Defendants"), by way of answer to the Complaint of Plaintiffs Greer Lorraine Dennis ("Dennis") and Scott Feigeles ("Feigeles" or "Plaintiff," collectively referred to with Dennis as "Plaintiffs"), state as follows:

## PRELIMINARY STATEMENT

1. Defendants admit Plaintiffs filed the above-captioned matter, which complaint contains a number of allegations and in which Plaintiffs purport to be represented by Helen F. Dalton & Associates, P.C. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1 and, therefore, deny the same.

2. Defendants admit that Plaintiffs purport to assert claims under local, state and federal law for damages in the Complaint. Defendants deny the remaining allegations in paragraph 2.

---

[1] "Sina Drug LLC" is erroneous identified in the Complaint as "Sina Drug Corp.".

3. Defendants admit that Plaintiffs were employed by Sina Drug at 225 Community Drive, Great Neck, New York. Defendants deny that Plaintiffs were ever employed by Pharmerica, and deny the remaining allegations of paragraph 3.

4. Defendants admit that Sina Drug employed Dennis as an Insurance Verification Coordinator and separately employed Feigeles as a Pharmacy Manager. Defendants deny the remaining allegations of paragraph 4.

5. Defendants admit that Plaintiffs purport to assert claims under local, state and federal law for damages in the Complaint. Defendants deny the remaining allegations in paragraph 5

6. Defendants deny the allegations of paragraph 6.

7. Defendants deny the allegations of paragraph 7.

## JURISDICTION AND VENUE

8. Defendants admit the allegations of paragraph 8.

9. Defendants admit that Plaintiffs' purport to invoke the Court's jurisdiction pursuant to a variety of statutes and that subject matter jurisdiction is proper based on the existence of a federal question pursuant to 28 U.S.C. § 1331. Defendants deny the remaining allegations of paragraph 9.

10. Defendants admit the allegations of paragraph 10.

11. Defendants admit that venue is proper in the Eastern District of New York. Defendants deny the remaining allegations of paragraph 11.

12. Defendants deny the allegations of paragraph 12.

13. Defendants admit Dennis and Feigeles filed each filed a charge of discrimination ("Charges") with the United States Equal Employment Opportunity Commission ("EEOC"). Defendants deny the remaining allegations of paragraph 13.

14. Defendants admit the EEOC issued Dennis and Feigeles each a Notice of Right to Sue letter. Defendants deny the remaining allegations of paragraph 14.

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 15.

16. Defendants deny the allegations of paragraph 16.

## THE PARTIES

17. Defendants admit, upon information and belief, that Plaintiff Dennis is a 55 year old woman who resides at 44-35 Colden Street, Apartment 3K, Flushing, New York 11355. Defendants further admit that Dennis was employed by Sina Drug (or its predecessors) in Great Neck, New York from on or about November 30, 2009 through her termination on or about October 22, 2014. Defendants deny the remaining allegations of paragraph 17.

18. Defendants admit, upon information and belief, that Plaintiff Feigeles is a 60 year old man who resides at 230 W. Broadway, Long Beach, New York 11561. Defendants further admit that Feigeles was employed by Sina Drug or its predecessors at its Great Neck, New York location from on or about July 26, 2006 through his termination on or about July 30, 2014. The remaining allegations of paragraph 18 are denied.

19. Defendants deny the allegations of paragraph 19.

20. Defendants admit the allegations of paragraph 20.

21. Defendants deny the allegations of paragraph 21.

22. Defendants deny the allegations of paragraph 22.

23. Defendants deny the allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

25. Defendants deny the allegations of paragraph 25.

26. Defendants deny the allegations of paragraph 26.

27. Defendants admit that Sina Drug is a limited liability company authorized to do business directly or through its subsidiaries in the state of New York. Defendants deny the remaining allegations of paragraph 27.

28. Defendants admit that Scimeca is employed as the Director of Pharmacy for Sina Drug. Defendants deny the remaining allegations of paragraph 28.

29. Defendants deny the allegations of paragraph 29.

30. Defendants deny the allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31.

32. Defendants deny the allegations of paragraph 32.

33. Defendants deny the allegations of paragraph 33.

34. Defendants deny the allegations of paragraph 34.

35. Defendants deny the allegations of paragraph 35.

## STATEMENT OF FACTS

36. Defendants admit that Plaintiffs were employed by Sina Drug at 225 Community Drive, Great Neck, New York 11201. Defendants deny the remaining allegations of paragraph 36.

37. Defendants admit that Sina Drug employed Dennis as an Insurance Verification Coordinator. Defendants admit that Sina Drug employed Feigeles as a Pharmacy Manager. Defendants deny the remaining allegations of paragraph 37.

38. Defendants admit that Sina Drug or its predecessors employed Dennis as an Insurance Verification Coordinator beginning on or about November 30, 2009. Defendants deny the remaining allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

41. Defendants deny the allegations in paragraph 41.

42. Defendants deny the allegations of paragraph 42.

43. Defendants admit Dennis received verbal and written feedback from Scimeca regarding her unsatisfactory work performance, including her failure to follow company policy. Defendants deny the remaining allegations of paragraph 43 are denied.

44. Defendants deny the allegation of paragraph 44.

45. Defendants deny the allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

47. Defendants admit the allegations of paragraph 47.

48. Defendants admit Dennis did not apply for and was not hired for another position with any Defendant. Defendants deny the remaining allegations of paragraph 48.

49. Defendants deny the allegations of paragraph 49.

50. Defendants deny the allegations of paragraph 50.

51. Defendants deny the allegations of paragraph 51.

52. Defendants admit Feigeles was hired by Sina Drug as a Pharmacy Manager. Defendants deny the remaining allegations of paragraph 52.

53. Defendants deny the allegations of paragraph 53.

54. Defendants admit that Feigeles was terminated from his employment with Sina Drug. Defendant deny the remaining allegations of paragraph 54.

55. Defendants deny the allegations of paragraph 55.

56. Defendants admit Feigeles was informed his employment was being terminated on July 29, 2014. Defendants deny the remaining allegations of paragraph 56.

57. Defendants admit Feigeles was told his employment was terminated as a result of repeated violations of Company policy, including unethical conduct. Defendants deny the remaining allegations of paragraph 57.

58. Defendants deny the allegations of paragraph 58.

59. Defendants deny the allegations of paragraph 59.

60. Defendants deny the allegations of paragraph 60.

61. Defendants admit that Plaintiffs were employed by Sina Drug at 225 Community Drive, Great Neck, New York. Defendants deny the remaining allegations of paragraph 61.

62. Defendants deny the allegations of paragraph 62.

63. Defendants deny the allegations of paragraph 63.

64. Defendants admit that Plaintiffs each were terminated from employment from Sina Drug. Defendants deny the remaining allegations of paragraph 64.

65. Defendants deny the allegations of paragraph 65.

66. Defendants deny the allegations of paragraph 66.

67. Defendants deny the allegations of paragraph 67.

68. Defendants deny the allegations of paragraph 68.

69. Defendants deny the allegations of paragraph 69.

70. Defendants deny the allegations of paragraph 70.

71. Defendants deny the allegations of paragraph 71.

**FIRST CAUSE OF ACTION**
(Discrimination under the ADEA)

72. Defendants incorporate by reference their responses to paragraphs 1 through 71 above.

73. Defendants deny the allegations if paragraph 73.

74. Defendants state that the allegations in paragraph 74 are legal conclusions as to which no response is required.

75. Defendants deny the allegations of paragraph 75.

76. Defendants deny the allegations of paragraph 76.

77. Defendants deny the allegations of paragraph 77.

**SECOND CAUSE OF ACTION**
(Discrimination under the NYSHRL)

78. Defendants incorporate by reference their responses to paragraphs 1 through 77 above.

79. Defendants deny the allegations of paragraph 79.

80. Defendants deny the allegations of paragraph 80.

81. Defendants deny the allegations of paragraph 81.

82. Defendants deny the allegations of paragraph 82.

83. Defendants deny the allegations of paragraph 83.

84. Defendants deny the allegations of paragraph 84.

85. Defendants deny the allegations of paragraph 85.

## THIRD CAUSE OF ACTION[2]
(Discrimination under NYCHRL)

86. Defendants incorporate by reference their responses to paragraphs 1 through 85 above.

87. Defendants deny the allegations of paragraph 87.

88. Defendants deny the allegations of paragraph 88.

89. Defendants deny the allegations of paragraph 89.

90. Defendants deny the allegations of paragraph 90.

91. Defendants deny the allegations of paragraph 91.

92. Defendants deny the allegations of paragraph 92.

93. Defendants deny the allegations of paragraph 93.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to the relief requested in the "Wherefore" paragraph of the Complaint, or to any other relief. Specifically:

a. Defendants deny Plaintiffs are entitled to the relief requested in paragraph a.

b. Defendants deny Plaintiffs are entitled to the relief requested in paragraph b.

c. Defendants deny Plaintiffs are entitled to the relief requested in paragraph c.

d. Defendants deny Plaintiffs are entitled to the relief requested in paragraph d.

e. Defendants deny Plaintiffs are entitled to the relief requested in paragraph e.

f. Defendants deny Plaintiffs are entitled to the relief requested in paragraph f.

g. Defendants deny Plaintiffs are entitled to the relief requested in paragraph g.

---

[2] Plaintiffs have agreed to dismiss this claim. As such dismissal is not yet effective, Defendants provide an answer to these allegations in an abundance of caution pending the dismissal.

    h.   Defendants deny Plaintiffs are entitled to the relief requested in paragraph h.

    i.   Defendants deny Plaintiffs are entitled to the relief requested in paragraph i.

    j.   Defendants deny Plaintiffs are entitled to the relief requested in paragraph j.

    k.   Defendants deny Plaintiffs are entitled to the relief requested in paragraph k.

    l.   Defendants deny Plaintiffs are entitled to the relief requested in paragraph l.

    m.   Defendants deny Plaintiffs are entitled to the relief requested in paragraph m.

    n.   Defendants deny Plaintiffs are entitled to the relief requested in paragraph n.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The claims set forth in the Complaint are barred, in whole or in part, by any and all applicable statutes of limitations.

### Third Defense

Defendants' actions or omissions, if any, were justified by legitimate, non-discriminatory reasons.

### Fourth Defense

Plaintiffs' claims against Pharmerica and Frank Scimeca are barred because neither Pharmerica nor Mr. Scimeca employed Plaintiffs.

### Fifth Defense

Although Defendants did not commit any act that was in violation of any law concerning discrimination in employment, should it be determined that any violation occurred, it was not willful.

### Sixth Defense

The claims set forth in the Complaint are barred, in whole or in part, by the equitable doctrines of unclean hands and estoppel, where any damages alleged in the Complaint were caused at least in part by Plaintiffs or Plaintiffs' own negligent or culpable conduct.

### Seventh Defense

Plaintiffs' claims for damages based on alleged emotional, mental or physical injuries are barred, in whole or in part, by the exclusivity provisions of the applicable workers' compensation laws.

### Eighth Defense

The claims set forth in the Complaint are barred, in whole or in part, by Plaintiffs' failures to make reasonable efforts to mitigate their damages, if any.

### Ninth Defense

The Complaint fails to set forth any legal basis, facts or circumstances that would support an award of punitive damages.

### Tenth Defense

The claims set forth in the Complaint may be barred, in whole or in part, by the doctrine of after-acquired evidence.

### Eleventh Defense

Any injury to Plaintiff was caused, in whole or in part, by her own actions or inactions, or by the actions or inactions of third parties.

### Twelfth Defense

Plaintiffs' claims are barred or limited by the validity and scope of the Charges of Discrimination filed by the Plaintiffs with the Equal Employment Opportunity Commission.

**Thirteenth Defense**

Plaintiff's claims for attorney's fees are barred because Plaintiff has asserted no basis for, and is not entitled to, attorney's fees under any federal or state law.

**Forteenth Defense**

The Complaint seeks relief in a form or amount that is not available as a matter of law.

WHEREFORE, Defendants pray:

1. Plaintiffs recovers nothing from Defendants and Plaintiffs' claims against Defendants be dismissed with prejudice;

2. Defendants recover their costs and reasonable attorneys' fees incurred in defending this action to the extent provided by law; and

3. Defendants have such other and further relief as the Court deems just and proper.

Dated: December 11, 2015                     WINSTON & STRAWN LLP


By:   s/ Shane W. Blackstone
Shane W. Blackstone (admitted pro hac vice)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
(312) 558-3754
sblackstone@winston.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2015, the foregoing Answer was served by electronic filing upon the following:

Roman Avshalumov
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Ph: 718.263.9591
Fax: 718.263.9598

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                s/ Shane W. Blackstone
                Shane W. Blackstone

Dated: December 11, 2015